UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CIVIL CASE NO.: CV14-2285

MELISSA SLADE, CRYSTAL MANUEL, DAVID ROSS,
GERARD TRADER, JASMINE TRADER A/K/A LORRAINE
TRADER and HOPE TRADER

AMENDED COMPLAINT

Plaintiffs,

JURY TRIAL DEMANDED

-against-

THE CITY OF NEW YORK, P.O. WAYNE S. FORDE, SHIELD
NO. 2876, DET. ROBERT A. SCHIERENBECK, SHIELD NO. 7814
P.O. NICKETRI A. DALEY, SHIELD NO. 7671,
LT. MICHAEL RAIMO, SGT. TIMOTHY FOX, SHIELD 5536,
DEPUTY INSPECTOR VINCENT SALERMO, DET. WILLIAM
STEVENS, SHIELD NO. 7876, DET. PATRICK GRANEY,
SHIELD NO. 5356 and DET. ROBERT AASHEIM.

Defendants.
-------------------------------------------------------------------X

PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were victimized by and subsequent to an unlawful entry and search of their home by police officers. Plaintiffs were deprived of their constitutional rights when Defendants unlawfully entered their home, utilized excessive force and caused the unlawful confinement of Plaintiffs. Plaintiff David Ross was subjected to a false arrest, malicious prosecution as a result of defendants actions.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. The Plaintiff, Melissa Slade, is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

5. The Plaintiff, Crystal Manuel, is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

6. The Plaintiff, David Ross, is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

7. The Plaintiff, Gerard Trader, is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

8. The Plaintiff, Jasmine Trader a/k/a Lorraine Trader, is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

9. The Plaintiff, Hope Trader, is and was at all times relevant herein a citizen of the United States, and is and was at all times relevant herein a resident of Brooklyn, New York.

10. New York City Police Officer, Wayne S. Forde, shield number 2876, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Forde is being sued in his individual capacity.

11. New York City Police Officer, Detective Robert Schierenbeck, shield number 7814, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Detective Robert Schierenbeck is being sued herein in his individual capacity.

12. New York City Police Officer, Michael Raimo, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Raimo is being sued herein in his individual capacity.

13. New York City Police Officer, Timothy Fox, shield number 5536, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Fox is being sued in his individual capacity.

14. New York City Police Officer, Vincent Salerno, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Salerno is being sued in his individual capacity.

15. New York City Police Officer, Robert Aasheim, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Aasheim is being sued in his individual capacity.

16. New York City Police Officer, William Stevens, shield number 7876, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Stevens is being sued in his individual capacity.

17. New York City Police Officer, Patrick Graney, shield number 5356, was at all times relevant herein an officer, employee and agent of the New York City Police Department. Officer Graney is being sued in his individual capacity.

18. At all times relevant herein, the individual defendants, Officer Wayne S. Forde, Detective Robert Schierenbeck, Officer Nicketri A. Daley, Lieutenant Michael Raimo, Sergeant Timothy Fox, Deputy Inspector Vincent Salerno, Detective Robert Aasheim, Detective William Stevens and Detective Patrick Graney were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were each acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

19. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

20. On September 23, 2013 the plaintiffs were at the home of Melissa Slade who resided at 2041 Pacific Street, Apt 3C, Brooklyn, New York 11233. The plaintiffs are all related and had enjoyed a family get together on September 22, 2013 leading into September 23, 2013. Due to the late time that the family get together had ended the plaintiffs and their respective children as well as other infant relatives all stayed the night at Melissa's apartment. At approximately 1:30 A.M. there was a confrontation outside Melissa's apartment involving a neighbor and some people. Melissa Slade, Crystal Manuel, Gerard Trader and Jasmine Trader went outside to see what the commotion was about. The neighbor, Ebony Sumptu then engaged Jasmine Trader in a verbal altercation. Melissa Slade, Crystal Manuel and Gerard Trader instructed Jasmine Trader to leave and return with them to the apartment which she did.

21. Approximately twenty to thirty minutes later the defendants arrived outside the apartment building where Melissa Slade resided. Some officers remained outside whilst others went to Melissa's apartment. Police officers shined flashlights from outside the apartment building into Melissa's apartment, whilst officers outside the front door were banging on the door and asking that the door be opened. The officers kicked and banged on the door for roughly fifteen to twenty minutes. When the officers threatened to break down the door, plaintiff Gerard Trader decided to open the door to see what the officers wanted. As soon as he opened the door a gun was placed two inches from his face and he was grabbed and handcuffed. Gerard, who was in his undergarments was then forced into the hallway outside the apartment, this despite not being able to exchange a word with the police as to what they wanted. Gerard was in the hallway for roughly an hour until Ebony Sumptu was summoned and indicated that she did not know Gerard at which time he was released from the handcuffs and police custody.

22. When the officers pulled Gerard out of the apartment with the gun pointed inches from his face, other officers streamed into the apartment screaming at the occupants "Get the fuck down", "NYPD", "who the fuck is in here." They then commenced to force their way into bedrooms and bathrooms by kicking in the doors. Melissa Slade was in her bathroom on the toilet at the time that the police attempted to enter the bathroom. Melissa explained she was on the toilet but was told "they don't give a fuck, come on out". Melissa was still in a state of undress but due to her fearfulness she tried to open the door without success, as the police had been striking the door causing it to become jammed. Ultimately the police were able to kick in the door. Once the door was kicked in, Melissa Slade screamed that she was just a kid and she raised her two arms. The police told her to "come out or they'll blow her head off." So with her pants at her feet and her underwear exposed, Melissa Slade ambled out of the bathroom, with multiple officers training their guns directly at her head. Melissa Slade was then directed towards the exit of her apartment. She was not allowed to pull up her pants until she was outside in the hallway. When Melissa went into the hallway, she saw Gerard Trader handcuffed and a number of the children were outside in varying stages of undress as they had all been sleeping. The police directed Melissa to take the children who were outside downstairs. Melissa's one year old son, who is asthmatic was wheezing and was merely clothed in a pamper. Melissa asked the police if she could get some clothes for him and his nebulizer and medication, to which she was denied. She was ultimately able to find a neighbor in the building who had a nebulizer that she allowed Melissa to use to treat her son and who provided a jacket for the child to wear.

17. Crystal Manuel was in a bedroom half asleep with four children when the door to her bedroom was kicked in, without any warning. Once the police kicked in the door they had their guns drawn and pointing at all of the occupants in the room including all of the children. Two

officers entered the bedroom with one officer pointing his gun at Crystal's head and the other officer training his gun on the children all of whom were lying down. Crystal who was laid in a bed was told to "get the fuck out of here" and asked "who the fuck is in here." At this time Crystal was unable to speak as she was shaking in fear as the officer now had the gun pressed against her head. The gun appeared to be a machine gun equipped with a light for vision and the gun remained on Crystal's head until she arose from the bed and exited the bedroom. As Crystal picked up two of the children the gun remained pressed against her head and she was told that "they are watching her." Crystal exited the apartment with two of the children and was able to re-enter the apartment without permission to try and pick up some more children. Upon reentry to the apartment Crystal noticed that another bedroom door had been kicked in and David Ross was being pulled from a top bunk bed by a couple officers. Crystal also overheard Jasmine Trader screaming at the police that there are "children in here" to which the police replied "we don't give a fuck." Jasmine was in a room with roughly eight children ranging in age from two to fifteen years old. The four police officers in the room had their guns trained on all of the children. When the children exited the room the police still had their guns drawn and trained on the children. One of the children, six year old Jada, urinated on herself as she was walking out of the apartment. Crystal went outside again and took the children to a neighbor's apartment.

18. David Ross was sleeping on a top bunk bed when he heard the bedroom door being kicked in. He was then told to "get the fuck up." Whilst the police were barking orders a bright light was shined in David Ross' face which was attached to a gun which was being held closely to David Ross' face. David Ross was then pulled from the top bunk by the police but he was able to catch his balance and stop himself from falling. David overheard Jasmine in a heated tone screaming at the police, when a white cop told her to "shut up nigger." David was pushed against a wall and

then dragged outside into the hallway where he was then handcuffed. Ebony Sumptu was outside and an officer asked her if David did anything to her, to which she replied "no". David who was in undergarments and barefooted was told that he was being taken down to the precinct for questioning. David was then taken downstairs and made to stand outside the front of the building in his state of undress, shoeless and handcuffed whilst it was raining. A request for clothes and shoes was refused and after fifteen minutes David was taken to a precinct and arrested and charged under New York Penal Law sections 120.14(1), 260.10(1), 120.15 and 240.26(1), which corresponds to Menacing in the Second Degree, Endangering the Welfare of Child, Menacing in the Third Degree and Harassment in the Second Degree. These charges were all dismissed on September 27, 2013, the date David was released from incarceration.

19.     Jasmine Trader was in the living room when she heard the cops banging on the front door and shining flashlights into the apartment. She heard the cops, after they had been banging on the door for roughly fifteen to twenty minutes; threaten to break down the door. When the police rushed in Jasmine went to a bedroom that contained David Ross and five children. When the cops entered the bedroom they immediately tried to grab Jasmine who pulled her arms away. Jasmine was trying to ask what was going on and that there were children in the apartment to which a white officer instructed Jasmine to "shut up nigger" as he grabbed her arm. Jasmine pulled away and was then punched with a close fist in the middle of her face by the police officer. Immediately Jasmine's upper and bottom lip was busted causing her blood to splatter on the apartment wall. Jasmine continued to resist being handcuffed, until the police swept away her feet causing her to fall. Jasmine was then kneed in her stomach by an officer and then dragged to the hallway outside the apartment. Jasmine suffered multiple injuries as a result of the force used against her and was taken to Brookdale Hospital for treatment.

20. Hope Trader was in Melissa Slade's bedroom lying down in her night clothes when she heard "get the fuck down" being repeatedly shouted and the kicking of doors in the apartment. The police rushed into the room and start grabbing at people or directing the occupants with their guns pressed on their head or as in plaintiff's case trained on her head. Plaintiff whilst with what appeared to be either a rifle or a machine gun trained at her head grabbed two of the children and exited the apartment.

21. None of the plaintiffs gave the defendants permission and authority to enter the apartment. The defendants entered by force.

22. Defendants entered the apartment without obtaining a search warrant and no exigent circumstances existed that would excuse their entry without properly obtaining a warrant or permission from a resident of the apartment.

23. During this unlawful entry into Plaintiffs' apartment, defendants searched the apartment, opening doors, going into rooms and closets.

24. The unlawful entry and unlawful confinement by Defendants caused Plaintiffs to be frightened, terrified and humiliated as it was done in full view of passing neighbors. Additionally, the defendants were loud and disrespectful thereby attracting the attention of the plaintiff's neighbors.

25. On or about November 19, 2013 plaintiffs' Melissa Slade, Crystal Manuel, Gerard Trader and David Ross filed their Notices of Claim.

26. On February 25, 2014 50H hearings were conducted for the aforementioned plaintiffs.

27. Over thirty (30) days have elapsed since the service of the aforementioned Notices of Claim and adjustment or payment thereof has been neglected or refused.

28. The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiffs' and plaintiffs' federal claims are brought in a timely manner, within three years of the date they accrued.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs' Rights under § 1983, U.S. Constitution, and Fourth and Fourteenth Amendments

29. The Plaintiffs repeat reiterates and realign each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

30. Officer Defendants unlawfully entered into Plaintiffs' home in violation of Plaintiffs 'right to be secure in their home against unreasonable search and seizure under the Fourth and Fourteenth to the Constitution of the United States.

31. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

32. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

33. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

## Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees

35. The Plaintiffs' repeat, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. Individual Defendants' unlawful entry comprised a violation of Plaintiffs civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

37. Individual Defendants' unlawful entry was pursuant to custom, practices, policy or uses of defendant, the City of New York through the New York City Police Department.

38. Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful entry into Plaintiffs' home.

39. Upon Information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of Plaintiffs.

40. Under this custom, usage, practice or policy, The City of New York:

(a) encouraged and/or condoned unlawful entry, unlawful seizure; and

(b) encouraged and/or condoned the practice of entering premises without a warrant, detaining individuals without probable cause;

(c) failed to adequately screen applicants to the New York City Police Department;

(d) failed to investigate, or punish unlawful entry and unlawful seizure by the New York City Police Department;

### THIRD CAUSE OF ACTION

### Excessive and unnecessary use of force against the plaintiffs' by defendants.

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. The plaintiffs rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiffs were unlawfully subjected to excessive and unreasonable force, by the defendants who maliciously assaulted them with no need to use any force much less the excessive force utilized.

43. The assault and battery of the plaintiffs were affected by the defendants without authority of law.

44. The force defendants employed was used without plaintiffs' consent, with malice and with an intent to inflict fear, pain and suffering.

45. The defendants who observed the actions of the defendants, who had a reasonable opportunity to intervene and failed to do so, are liable to the plaintiffs due to their failure to act pursuant to their duty to intervene to prevent violations of plaintiffs rights committed in their presence.

46. As a direct result of defendants' actions, plaintiff were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs right to be free from the use of excessive and unreasonable force.

47. By reason of the unlawful use of excessive and unreasonable force, the plaintiffs were harmed physically, specifically, Jasmine Trader, requiring her to receive medical treatment in the emergency

48. By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined, and the plaintiff is entitled to an award of punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

**The false arrest, unlawful imprisonment and malicious prosecution of the plaintiff David Ross by Defendants.**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

50. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using the arrest power against the citizenry when deemed necessary, despite the lack of probable cause, as a law enforcement tool.

51. As a result of the defendants actions the plaintiff has developed a phobia towards all police officers and to date carries a deep-seated fear of all police officers.

52. The conduct of defendants in falsely arresting, unlawfully imprisoning and maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiffs to an award of punitive damages as against the individual defendants.

53. Solely as a result of these actions, plaintiff has:

a. Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b. Has suffered a loss of his liberty, and

C. Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

54. Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a. To be free from false arrest;

b. To be free from unlawful imprisonment;

## FIFTH CAUSE OF ACTION
### Violation of the Plaintiffs' rights pursuant to the common law of the State of New York via intentional infliction of emotional distress

55. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. The defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

57. The defendant recklessly conducted themselves towards the plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

## SIXTH CAUSE OF ACTION
### Violation of the Plaintiffs' rights pursuant to the common law of the State of New York via assault

58. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59. On the aforementioned date, time and place the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of an imminent, unconsented, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of Nm York and otherwise violated plaintiffs' rights under New York law.

60. By reason of the aforesaid, committed by defendants, plaintiffs suffered fear, anxiety and various emotional harms and they were otherwise damaged.

61. The defendants were acting within the scope of their duty as police officers, when they committed an assault on the plaintiffs.

62. By reason of the aforesaid each plaintiff has been damaged in a sum of five hundred thousand ($500,000.00) dollars and they are entitled to an award of punitive damages.

## JURY DEMAND

63. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, theses damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5. To be free from intentional infliction of great emotional distress;

   To be free from summary punishment without trial; and

6. To due process of law.

7. All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42U,S.C. 1983, 1988.

8. As a result of the defendants conduct, plaintiff has suffered damage and injury.

Dated: Brooklyn, New York  
July 15, 2014                                                                Respectfully Submitted

                                                                Adrian A. Ellis, LLC
                                                                By: _____
                                                                 Adrian A. Ellis, Esq. (5276)
                                                                   26 Court Street, Suite 1600
                                                                Brooklyn, NY 11242
                                                                P (718) 596-1308
                                                                F (718) 596-8059

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X CASE NO.: 14CV2285

MELISSA SLADE, CRYSTAL MANUEL, DAVID ROSS,
GERARD TRADER and JASMINE TRADER A/K/A LORRAINE
TRADER

                                  Plaintiffs,

     -against-

THE CITY OF NEW YORK, P.O. WAYNE S. FORDE, SHIELD
NO. 2876, DET. ROBERT A. SCHIERENBECK, SHIELD NO. 7814
P.O. NICKETRI A. DALEY, SHIELD NO. 7671,
LT. MICHAEL RAIMO, SGT. TIMOTHY FOX, SHIELD 5536,
DEPUTY INSPECTOR VINCENT SALERMO, DET. WILLIAM
STEVENS, SHIELD NO. 7876, DET. PATRICK GRANEY,
SHIELD NO. 5356 and DET. ROBERT AASHEIM.

                                 Defendants.
----------------------------------------------------------------------X

## AMENDED COMPLAINT

----------------------------------------------------------------------X

Office and Post Office Address and Telephone Number:

Adrian A. Ellis, LLC
Adrian A. Ellis, Esq.
**Attorney for Plaintiffs**
26 Court Street, Suite 1600
Brooklyn, NY 11242
P (718)596-1308/2865/5842
F (718)596-8059