UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 21 2015 ★

BROOKLYN OFFICE

-------------------------------------------------------------------x

MELISSA SLADE, CRYSTAL MANUEL,
DAVID ROSS, GERARD TRADER, JASMINE
TRADER a/k/a LORRAINE TRADER and
HOPE TRADER,

                              Plaintiffs,

          - against -

THE CITY OF NEW YORK, P.O. WAYNE S.
FORDE, Shield No. 2876, DET. ROBERT A.
SCHIERENBECK, Shield No. 7814,
P.O. NICKETRI A. DALEY, Shield No. 7671,
LT. MICHAEL RAIMO, SGT. TIMOTHY FOX,
Shield No. 5536, DEPUTY INSPECTOR VINCENT
SALERMO, DET. WILLIAM STEVENS,
Shield No. 7876, DET. PATRICK GRANEY,
Shield No. 5356 and DET. ROBERT AASHEIM,

                              Defendants.
-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-2285 (CBA) (CLP)

AMON, Chief United States District Judge.

     On April 9, 2014, plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 alleging that

defendants violated their rights under the Fourth and Fourteenth Amendments of the U.S.

Constitution. (DE # 1.) Subsequently plaintiffs Melissa Slade, Crystal Manuel, Gerard Trader,

Hope Trader and David Ross settled with defendants and dismissed their claims. (DE # 22-24,

30-31.)

     On December 18, 2014, counsel for the remaining plaintiff Jasmine Trader moved to

withdraw stating that he had been unable to contact Jasmine Trader since October 1, 2014

despite numerous attempts to do so. (DE # 27.) Magistrate Judge Pollak granted that motion on

January 21, 2015. (DE # 29.) In that order, Magistrate Judge Pollak directed Jasmine Trader to

inform the Court whether she intended to obtain new counsel or proceed pro se by no later than

1

February 20, 2015. (DE # 29.) Magistrate Judge Pollak cautioned Jasmine Trader that if she failed to contact the Court during that time period, her claims would be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Despite being warned that her failure to participate in this litigation could lead to the dismissal of her claims, to date Jasmine Trader has not contacted the Court. Based on that continued silence, defendants moved to dismiss pursuant to Rule 41(b) on February 27, 2015. (DE # 32.) And Magistrate Judge Pollak issued a Report and Recommendation ("R&R") on March 9, 2015 recommending that Jasmine Trader's claim be dismissed on that same basis. (DE # 33.)

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, no party has raised an objection to the R&R. Accordingly, the Court reviews it for clear error and, finding none, adopts it as the opinion of the Court.

**CONCLUSION**

For the reasons stated above, the Court adopts the R&R (DE # 32) and dismisses Jasmine

Trader's claim for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The

Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: April    21    , 2015
       Brooklyn, New York

                        s/Carol Bagley Amon

                        Carol Bagley Amon
                        Chief United States District Judge